SUMMARY ORDER

Harumi Ishijima Wong, Deny Laila, and Sebastian Tan, natives and citizens of Indonesia, seek review of a February 29, 2008 order of the BIA affirming the April 27, 2006 decision of Immigration Judge (“IJ”) Steven R. Abrams, which denied Petitioners’ application for asylum, and Wong’s application for withholding of removal and relief under the Convention Against Torture (“CAT”).[2] In re Harumi Ishijima Wong, Deny Laila, and Sebastian Tan, Nos. A98 694 820/821/822 (B.I.A. Feb. 29, 2008), aff'g Nos. A98 694 820/821/822 (Immig. Ct. N.Y. City Apr. 27, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. See, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).
As a preliminary matter, because the Petitioner failed to raise before this Court any challenge to the agency’s denial of her CAT claim, we deem any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
Substantial evidence supports the agency’s denial of the Petitioner’s asylum and withholding of removal claims. The Petitioner failed to exhaust her argument that the mistreatment she endured constituted persecution when viewed cumulatively. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104 (2d Cir.2007). Although the BIA found that a single incident in 1993 did not constitute past persecution, we do not construe that finding as excusing the Petitioner’s failure to exhaust where there is no indication that the BIA “had a full opportunity” to consider her claim that the IJ erred in failing to consider the cumulative effect of all of her alleged incidents of persecution. See Theodoropoulos v. INS, 358 F.3d 162, 171 (2d Cir.2004) (discussing 8 U.S.C. § 1252(d) and noting that this Court must ensure that the agency has “a full opportunity to consider a petitioner’s claims before they are submitted for review by a federal court”); see also Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1994). Indeed, before the BIA, the Petitioner’s only argument was that she had a prospective fear of persecution based on a pattern or practice of persecution against similarly situated individuals. Accordingly, the BIA did not have the opportunity to consider any argument based on the “cumulative effect” of her past mistreatment. Cf. Manzur v. DHS, 494 F.3d 281, 289-90 (2d Cir.2007).
As the Petitioner failed to establish past persecution, there is no presumption of a well-founded fear of future persecution in Indonesia. See 8 C.F.R. § 1208.13(b)(1). However, in establishing a well-founded *16 fear of persecution, an applicant need not “provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if ... [t]he applicant establishes that there is a pattern or practice in his or her country of nationality ... of persecution of a group of persons similarly situated to the applicant.” 8 C.F.R. § 1208.13(b)(2)(iii). The BIA has found that a pattern or practice of persecution is the systematic or pervasive persecution of a group. In re A-M-, 23 I. & N. Dec. 737, 741 (BIA 2005) (citing Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir.2005)).
Contrary to the Petitioner’s assertion, the agency considered the background evidence in the record, and acknowledged that Chinese Christian Indonesians have “been attacked” in the past. However, the agency appropriately relied on country conditions evidence in the record to find that the most recent information supported the IJ’s decision. The BIA specifically analyzed the 2006 Religious Freedom Report and found that “although religious conflicts continue, the government is prosecuting individuals suspected of religiously motivated violence.”[3] Indeed, the agency properly noted that the background materials stated, that “ ‘There was little change in respect for religious freedom.... Most of the population enjoyed a high degree of religious freedom.’ ” Although the 2006 Religious Freedom Report indicates that, in 2006, thirty-four churches were forcibly closed without police intervention by militant groups, the report also provides that, in 2006, “[gjovernment officials worked with Muslim and Christian community leaders to diffuse tensions in conflict areas.” In light of the agency’s discussion of the background materials, substantial evidence supports the agency’s finding that the Petitioner failed to establish a pattern or practice of persecution of ethnic Chinese Christians in Indonesia.
As the agency did not err in concluding that the Petitioner failed to establish a well-founded fear of persecution if returned to her native country, it did not err in denying her application for asylum and withholding of removal, where both claims were based upon the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Wong was the lead applicant for relief before the agency, and included her husband and son as derivative applicants for asylum. For the sake of clarity, this order refers only to Wong as “Petitioner.”

. While we have expressed our concern that In re A-M- does not provide us with "sufficient guidance" regarding how to evaluate a pattern or practice claim, see Mufied v. Mukasey, 508 F.3d 88, 92 (2d Cir.2007), we decline to remand on that basis. This case is distinguishable from our recent decision in Mufied, where we remanded to the agency for consideration of a pattern or practice of persecution claim because "[njeither the IJ nor the BIA appearfed] to have considered [the petitioner’s] claim that there is a pattern of persecution of Christians in Indonesia.” 508 F.3d at 91-93. Here, in contrast, the agency clearly addressed the Petitioner’s pattern and practice of persecution claim in the first instance. Id. Thus, while we continue to await more thorough guidance from the agency regarding pattern or practice claims generally, we are satisfied that the BIA considered and properly denied the Petitioner’s claim.